STATE ex rel. BARTLETT et al. v. WILCOX, Superior Court Judge.

No. 10525—Opinion Filed July 15, 1919.

(Syllabus by the Court.)

Indians—Allotments—Determination of Heirship—Questions of Fact—Status—Construction—Jurisdiction of Courts.

The power and authority conferred on the county courts by Act of Cong. June 14, 1918, c. 101, 40 Stat. at L. 606 (Comp. Stat. 1918, Append. sec. 4234a), though it involves the exercise by said courts of judicial or quasi judicial power, is not strictly judicial, but is administrative and ministerial, and in determining, pursuant to said act, as a question of fact who are the heirs of any deceased citizen allottee of the Five Civilized Tribes, the court merely finds the facts, and fixes the status, which finding, when material to the question at issue, is conclusive and binding upon the state courts and upon the administrative officers of the national government in determining questions arising under acts of Congress to which it is applicable. The act, however, does not deprive the superior courts of this state of jurisdiction of suits involving lands allotted to an Indian of the Five Civilized Tribes who may die or may have heretofore died leaving restricted Indian heirs, where such suit necessarily includes the determination of the title, and, incidentally, the question of fact as to who are the heirs of said deceased allottee.

Original application for a writ of prohibition by the State, on the relation of H. U. Bartlett and others, against Gaylord R. Wilcox, as Judge of the Superior Court of Creek County, to restrain him from hearing a pending cause. Writ denied.

John B. Meserve, Charles O'Connor, W. L. Ranson, and McDougal, Lytle, Allen & Pryor, for relators.

Jones & Foster, for respondent.

RAINEY, J. This is an original application to this court for a writ of prohibition to Hon. Gaylord R. Wilcox, as judge of the superior court of Creek county, Okla., to restrain him from proceeding with the hearing of a certain cause pending in the superior court of Creek county, entitled Jackson R. Dunzy et al. v. H. U. Bartlett et al. The case was regularly instituted in said court, the nature of the action being one to quiet title to certain real estate situated wholly in Creek county, to partition the same among the several parties entitled thereto, and to cancel as a cloud upon plaintiff's title a certain deed executed by one of the plaintiffs to the defendant, Bartlett, and for the appointment of a receiver pendente lite to preserve the estate, from which it is alleged

large quantities of oil and gas are being taken and converted by one of the defendants.

Prior to the institution of said action in the superior court of Creek county, Congress passed Act June 14, 1918, c. 101, 40 Stat. L. 606 (Comp. St. 1918, Append. sec. 4234a) entitled:

"An act to provide for a determination of heirship in cases of deceased members of the Cherokee, Choctaw, Chickasaw, Creek, and Seminole Tribes of Indians in Oklahoma, conferring jurisdiction upon district courts to partition lands belonging to full-blood heirs of allottees of the Five Civilized Tribes, and for other purposes."

—pursuant to which one Martha Jackson, claiming to be a full-blood Indian heir of Harper Jesse and Andy Jesse, deceased, whose allotments of land are in controversy in the action in the superior court, had commenced proceedings in the county court of Okfuskee county, having for their purpose the determination of the question of fact as to who are the heirs of the said Harper Jesse and Andy Jesse.

It seems to be admitted that in order to adjudicate the title to the land in the action pending in the superior court it will be necessary for said court to determine who, in fact, are the heirs of the said Harper Jesse and Andy Jesse, deceased, but relators insist that by the act of June 14, 1918, exclusive jurisdiction to determine said question was vested in the county court of Okfuskee county; the court having jurisdiction of the settlement of the estate of the deceased allottees.

All the questions involved in this appeal have, this day, been decided by this court in cause No. 10517, State of Oklahoma, on the relation of Hall C. Miller, Ben H. Cash, and A. V. Rupprecht v. W. A. Huser, as County Judge of Okfuskee County, State of Oklahoma, 76 Oklahoma, 184 Pac. 113, wherein, in construing said act in the seventh paragraph of the syllabus, we said:

"The power and authority conferred on the county courts by said act, though it involves the exercise by said courts of judicial or quasi judicial powers, is not strictly judicial, but is administrative and ministerial, and in determining, pursuant to said act, as a question of fact who are the heirs of any deceased citizen allottee of the Five Civilized Tribes, the court merely finds the facts and fixes the status, which finding, when material to the question at issue, is conclusive and binding upon the state courts and upon the administrative officers of the national government in determining questions arising under acts of Congress to which it is applicable. The act, however, does not deprive the district courts of this state of jurisdiction of suits involving lands allotted to an Indian of the Five Civilized Tribes who may die or may have heretofore died leaving restricted heirs where such suit necessarily includes the determination of the title, and, incidentally, the question of fact as to who are the heirs of said deceased allottee."

For the reasons stated in the case cited, the writ of prohibition should be, and is denied.

All the Justices concur.